# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. EALY,                             :

    Petitioner,                        :    Case No. 3:09cv00155

vs.                                        :    Chief District Judge Susan J. Dlott
                                                Magistrate Judge Sharon L. Ovington
JUDGE JAMES D. RUPPERT, *et al.*,          :

    Respondents.                       :

## REPORT AND RECOMMENDATIONS[1]

Larry E. Ealy brings this case pro se seeking a writ of habeas of habeas corpus requiring the removal to this Court of certain criminal matters pending against him in the Dayton, Ohio Municipal Courts, Traffic Division. The case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Reference.

Ealy's Petition for writ of habeas corpus (Doc. #1) is before the Court for preliminary consideration pursuant to Rule 4 of the Rules Governing §2254 Cases, which provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petitioner and direct the clerk to notify the petitioner.

The case is also pending upon Ealy's Motion to Remove Case No. 2008TRD3189 from the Dayton Municipal Court and Stay of the Trial Court[']s Decision Due to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Extreme Bias (Doc. #2), Ealy's Motion to Remove Case No. 2008TRD21429 from the Dayton Municipal Court and Stay of the Trial Court[']s Decision Due to Extreme Bias (Doc. #3), Ealy's Motion for Removal of Appeal and Request for Immediate Stay of Sentence Pursuant to R.C. 2953.03(A) (Doc. #4), and the record as a whole.

Ealy's Petition names as Respondents Judge James D. Ruppert and Ohio Attorney General Richard Cordray. The Petition describes Ealy's arrest in 2008 by Dayton, Ohio police officers and his subsequent trial on April 16, 2009 before Judge Ruppert. Ealy acknowledges that he was represented by counsel during trial. (Doc. #1 at ¶9). He explains that although his counsel filed several motions, Judge Ruppert denied his motions and requests.

During the time Ealy's criminal proceedings were pending in the Ohio courts, he filed a "RICO" case in this Court naming Judge Ruppert, among many others, as a defendant. *See Larry E. Ealy v. Walter H. Rice, et al.*, 3:09cv00100 (S.D. Ohio).[2]

In the present case, Ealy explains that before his state criminal trial began – over which Judge Ruppert presided – he (Ealy) had filed several civil cases against Judge Ruppert seeking his recusal from the criminal case. According to Ealy, Judge Ruppert "engaged in a civil contest against the Petitioner [Ealy] ... establishing his [Judge Ruppert's] personal biases and plot to bring harm to the Ealy family." (Doc. #1 at ¶13). Ealy further alleges that during his state criminal proceedings, Judge Ruppert "committed intentional acts of judicial misconduct calling for his immediate disqualification." (Doc. #1 at 2). Ealy then describes certain events and misconduct that allegedly occurred during his trial including, for example, Judge Ruppert committing perjury through certain statements he made to the jury.

Ealy's Petition next lists numerous "PROPOSITIONS OF LAW" over the course of twenty-two paragraphs. (Doc. #1 at ¶s 24-45). In his final paragraph Ealy states the

---

[2] Ealy's federal "RICO" case, *Ealy v. Rice, et al.*, 3:09cv00100, was dismissed on April 23, 2009.

following:

> WHEREFORE; The Respondents are in violation [o]f the law and have continually been afforded the protections of law even though they have broken the law a writ of Habeas corpus is her[e]by prayed for during the pending appeal filed in the District Court in Cincinnati were as [sic] the Dayton Municipal Court, the District Court in Dayton, the Second District Court fo Appeals, and the Ohio Supreme Court has barred any action from the Petitioner to institute his due process rights in Ohio due to case NOcv6344 App. CA-21934 Ealy v. McLin.

(Doc. #1 at ¶46).

Ealy's Petition for writ of habeas corpus does not indicate that he has exhausted the claims he raises in his Petition by way of his available remedies in the Ohio courts. It instead appears that Ealy's convictions have either not become final in the Dayton Municipal Court or that he has not pursued a direct appeal of his convictions in the Ohio Court of Appeals and the Ohio Supreme Court. Consequently, Ealy's Petition on its face demonstrates that Ealy is not entitled to federal habeas relief. *See* 28 U.S.C. §2254(c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

As to his Motions to remove two state-law traffic cases from the Dayton Municipal Court (case nos. 08TRD3189 and 07TRD21429), *see* Doc. #s 2, 3, and his Motion for Removal of Appeal (related to case No. 08TRD 3189), this Court has previously rejected on several occasions Ealy's attempts to remove these state cases to federal court. *State of Ohio v. Larry E. Ealy*, 3:08cv00476; *State of Ohio v. Larry Ealy*, 3:09cv00099; *Larry E. Ealy v. Walter H. Rice, et al.*, 3:09cv00100. His present Motions for Removal lack merit for the reasons set forth in those cases.

Ealy's Petition also violates Fed. R. Civ. P. 11(b) because it constitutes a bad faith, unreasonable attempt by Ealy to show that Judge Ruppert holds a bias against him. "In this circuit, the test for the imposition of Rule 11 sanctions is 'whether the individual's conduct was reasonable under the circumstances.'" *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002) (citation omitted). Ealy's bad faith, unreasonable conduct

3

is seen in his references to Judge Ruppert's status as a defendant in Ealy's prior frivolous "RICO" case (3:09cv00100) as the source of Judge Ruppert's purported bias. *See supra*, p. 2. There are at least two problems with Ealy's allegations. First, the prior RICO case was dismissed *sua sponte* before service of summons was permitted, and Judge Ruppert therefore took no action in that case at all, let alone an action tending to show he held a bias against Ealy. Ealy's allegation that Judge Ruppert engaged in a "civil contest against Petitioner" is simply false. Second, Ealy's Petition in this case does not fully or clearly explain that Ealy himself brought the prior "RICO" case against Judge Ruppert (and many others). The omission is significant because it leaves the incorrect impression that Judge Ruppert actively participated in the prior RICO case, when he instead was not yet a properly served party to that case. Indeed, knowing that Ealy himself brought the prior frivolous RICO case along with the present case tends to show that he is attempting to manufacture judicial bias attributable to Judge Ruppert in the hope that this Court will stop the state criminal proceedings pending against him. In addition, Ealy knew – or should have known – from the numerous dismissals of similar allegations and claims in his prior cases that the same allegations and claims he again raises his present Petition are frivolous and hence unreasonable. *See, e.g., State of Ohio v. Larry E. Ealy*, 3:08cv00476; *State of Ohio v. Larry Ealy*, 3:09cv00099; *Larry E. Ealy v. Walter H. Rice, et al.*, 3:09cv00100.

Accordingly, under the circumstances, Ealy's Petition constitutes a bad faith, unreasonable filing in violation of Fed. R. Civ. P. 11(b).

### IT IS THEREFORE RECOMMENDED THAT:

1. Ealy's Petition (Doc. #1) be DISMISSED;

2. Ealy's Motions for Removal (Doc. #s 2, 3, 4) be DENIED;

3. Pursuant to Fed. R. Civ. P. 11(c)(3) Ealy be ORDERED to show cause why a sanction in the amount of $500.00 should not be imposed against him

under Fed. R. Civ. P. 11(b);

4. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

5. This case be terminated on the docket of this Court.

The Clerk of Court is directed to mail a copy of this Report to Mark E. Owens, Clerk of the Dayton Municipal Court.

May 6, 2009

    s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).